IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSE FRANCISCO AVILA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CIVIL ACTION |
| v. | ) NO. 06-cv-3385 |
| | ) |
| **JOSEPH J. PIAZZA, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

**AND NOW**, this 25th day of April 2007, upon consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 [Document No. 3] and Respondents' opposition thereto [Document No. 11], and after review of the Report and Recommendation of United States Magistrate Judge L. Felipe Restrepo [Document No. 14], it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

---

[1] The Court herein approves and adopts Judge Restrepo's articulate and well-reasoned Report and Recommendation ("R&R"). No objections were filed in response to Judge Restrepo's R&R.

Petitioner's § 2254 Habeas Petition alleges ineffective assistance of counsel and argues that "[t]he plea of *nolo contendere* entered by the defendant was not knowingly and voluntarily made and not the product of an intelligent and free choice since the defendant entered such a plea solely on the inaccurate and erroneous representation of his counsel that he would receive a sentence not greater than 108 months." See Hab. Pet. ¶ 12(A). Respondents counter that Petitioner's habeas claim is unexhausted, procedurally defaulted, and without merit. See Resp'ts' Answer, at 7-17.

The exhaustion requirement precludes a state prisoner from initiating a federal habeas corpus action until the state courts have had an opportunity to hear the claim that the petitioner seeks to vindicate in federal court. Vasquez v. Hillery, 474 U.S. 254, 257 (1986). A claim is not exhausted until it has been presented to the highest court of the state either on direct appeal or by collateral review, if the latter is available under state law, although presentation of the claim on direct appeal obviates the need to present the issue on collateral review. Castille v. Peoples, 489 U.S. 346, 349-50 (1989). Here, the Court agrees with the R&R—construing Petitioner's pro se petition liberally, see Estelle v. Gamble, 429 U.S. 97, 106 (1976), Petitioner has fairly presented his claim to the Pennsylvania courts on PCRA appeal and has, accordingly, satisfied the exhaustion requirement, see R & R, at 4 n.1. Thus, the Court is not persuaded by Respondents' assertion that Petitioner failed to exhaust his ineffective-assistance claim in Pennsylvania state court. Nor is the Court persuaded by Respondents' procedural-default argument because this argument relies solely on the unconvincing contention that Petitioner failed to exhaust his claim in Pennsylvania state court. See Resp'ts' Answer, at 9.

    2.      The Petition for Writ of Habeas Corpus is **DENIED**; and

    3.      A Certificate of Appealability shall not issue since, for the reasons set forth in the Report and Recommendation, Petitioner has not made a substantial showing of the denial of a constitutional right.

The Clerk of Court is directed to **CLOSE** this case.

It is so **ORDERED**.

                                                            **BY THE COURT:**

                                                            **/s/ Cynthia M. Rufe**
                                                            **CYNTHIA M. RUFE, J.**

---

      Ultimately, however, the Court agrees with both Respondents and Judge Restrepo's R&R in that Petitioner's claim is without merit, and herein adopts the reasoning set forth in the R&R.  See R & R, at 7-17.

      In light of the state court's factual findings, including the state court's credibility findings regarding the testimony at the PCRA evidentiary hearing, and the strong presumption that counsel rendered adequate assistance, see Strickland v. Washington, 466 U.S. 668, 690 (1984), petitioner failed to demonstrate that 'counsel's representation fell below an objective standard of reasonableness,' id. at 688.  Therefore, petitioner failed to satisfy the deficient performance prong of the standard for ineffective assistance of counsel.  See id.  Furthermore, petitioner failed to show that there was a 'reasonable probability that, but for counsel's [alleged] errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial.'  See Weeks v. Snyder, 219 F.3d 245, 257 (3d Cir. 2000).

R & R, at 14.  Accordingly, the Petition for Writ of Habeas Corpus is denied.